BERRY SILBERBERG STOKES PC
ROBERT P. BERRY, State Bar No. 220271
16150 Main Circle Drive
Suite 120
St. Louis, MO 63017
Telephone: (314) 480-5882
Facsimile: (314) 480-5884
rberry@berrysilberberg.com

BERRY SILBERBERG STOKES PC
CAROL M. SILBERBERG, State Bar No. 217658
155 North Lake Avenue
Suite 800
Pasadena, CA 91101
Telephone: (213) 986-2688
csilberberg@berrysilberberg.com

Attorneys for Plaintiff
JAE Properties, Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMTAX HOLDINGS 2001-XX, LLC, an Ohio limited liability company,<br><br>Defendant. | Case No. **'19CV2075 BEN LL**<br><br>**COMPLAINT FOR:**<br><br>**I. DECLARATORY RELIEF**<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

# COMPLAINT

Plaintiff JAE Properties, Inc. ("JAE" or "Plaintiff"), by and through its attorneys, brings this action against Defendant Amtax Holdings 2001-XX, LLC ("Amtax"), and alleges as follows:

1. Central Valley Coalition for Affordable Housing ("CVCAH"), Plaintiff and Amtax are parties to an Amended and Restated Agreement of Limited Partnership, dated effective as of August 27, 2001 and as subsequently amended, (the "LPA") governing Victoria Heights Ltd., a California Limited Partnership (the "Partnership"), which document is incorporated herein by reference. The Partnership's purpose is to provide low income housing to needy and distressed persons by developing an apartment complex known as Victoria Heights Apartments, formerly known as Lincoln Apartments ("Apartment Complex") and engaging in certain business activities consistent with the charitable purposes of the Managing General Partner.

2. Central Valley Coalition for Affordable Housing is the Managing General Partner of the Partnership within the meaning of the LPA.

## PARTIES

3. Plaintiff JAE is the Co-General Partner of the Partnership within the meaning of the LPA, and a California corporation with a principal place of business in Benicia, California.

4. Defendant Amtax Holdings 2001-XX, LLC ("Amtax") is the Investor Limited Partner in the Partnership within the meaning of the LPA, and an Ohio limited liability company, which has its principal place of business in Granville, Ohio.

5. Plaintiff is informed and believes, and based thereon alleges, that Amtax's sole member is Amtax Holdings Corporate Fund (DEL) V, LLC ("Amtax Fund"), a limited liability company organized in Delaware. The non-managing member of Amtax Fund, in turn, is GMACCH Guaranteed TCF IV, LLC (GMACCH), a limited liability company organized in Delaware. Tax Credit Holdings III, LLC ("TCH") is a limited liability company organized in Delaware, is the managing member of Amtax Fund, and the non-managing member of GMACCH. Plaintiff is further informed and believes, and based thereon alleges, that TCH's sole member is Alden Pacific Holdings, LLC ("Alden Pacific"), a limited liability company organized in Delaware. Alden Pacific's sole member, in turn, is Alden Torch Financial LLC ("Alden Torch"), a limited liability company organized in Delaware with its principal place of business in Denver, Colorado. Plaintiff is further informed and believes, and based thereon alleges, that Alden Torch has five individual members, four of whom are domiciled in Colorado. The fifth individual member of Alden Torch is domiciled in Massachusetts. Plaintiff is further informed and believes, and based thereon alleges, that no members of Defendant (or members thereof) are citizens of the State of California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332, because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. This action seeks declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 USC §§ 2201 and 2202, which grants this Court authority to declare the rights and legal relations surrounding questions of actual controversy that exist between the Plaintiff and Defendant.

8. This Court has personal jurisdiction over Amtax because, as a party to the LPA, it unconditionally and irrevocably agreed and consented to submit to the jurisdiction of the courts of the United States located in the Southern District of California for the purpose of any suit, action or other legal proceeding arising out of the LPA.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because the parties have agreed to venue and personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

10. The Apartment Complex at issue in this case is a "qualified low-income housing project" eligible for an allocation of an annual federal income tax credit under the Low-Income Housing Tax Credit ("LIHTC") provisions of the Internal Revenue Code (the "Code"), 26 U.S.C. § 42 (2012) ("Section 42"). Under the

LIHTC program, tax credits are "sold" to equity investors in exchange for equity capital contributions to the project partnerships that own the apartment complex eligible for LIHTC.

11.     LIHTC projects generate tax credits for equity investors over a 10-year period, and the Projects are subject to a 15-year compliance period during which they must be maintained as affordable housing in order for the equity investors to avoid recapture of all or a portion of their tax credits.

12.     As set forth in Section 7.4.I of the LPA, in part, after the expiration of the Tax Credit Compliance Period and option periods, the LPA provides for the Investor Limited Partner to notify the Managing General Partner and request that the Co-General Partner choose to either (i) sell the Apartment Complex to a third party, or (ii) purchase or arrange for a third party to purchase the Limited Partners Interests in the Partnership for the fair market value of the Interests.  The LPA further provides that "[a]fter receipt of a request from the Investment Limited Partner, the Co-General Partner shall determine which course of action it desires to utilize."

13.     The LPA further states that the purchase price should be determined as follows:

> The purchase price of the Apartment Complex or the Investor Limited Partner Interest under this section, as the case may be, shall be equal to the fair market value of the Apartment Complex or the Interest, as the case may be. Fair market value shall be determined by the Investor Limited Partner and the Administrative General Partner, as the case may be, each retaining an appraisal from a qualified MAI appraiser. In the event that the two appraisers do not agree on the fair market value, the appraisers shall agree on the appointment of a third appraiser,

whose appraisal shall be binding on the parties, provided however, that the Investor Limited Partner shall not be obligated to Consent to a sale in the event that it is not satisfied with the purchase price so determined by the foregoing process or by the other terms of the purchase and sale.

14.  On or about August 9, 2018, Amtax exercised its right to request the Co-General Partner to choose to either (i) sell the Apartment Complex to a third party, or (ii) purchase or arrange for a third party to purchase the Limited Partners Interests in the Partnership for the fair market value of the Interests.

15.  On or about October 11, 2018, JAE, as the Co-General Partner, chose to exercise its right to purchase the Limited Partners Interests in the Partnership for their fair market value.

16.  Pursuant to Section 7.4.I, both JAE and Amtax selected an appraiser to value the Limited Partners Interest in the Partnership.

17.  JAE's appraiser based its appraisal upon JAE's election to purchase Amtax's Limited Partnership Interest and based its valuation, in part, upon the fact that Amtax's Limited Partnership Interest lacks marketability and control.

18.  Amtax's appraiser, Novogradac and Company LLP ("Novogradac") based its appraisal on its "understanding" of the LPA, and assumed that Amtax "has the right to force a sale of the real estate asset thus dissolving the Partnership. As such, [JAE] lacks negotiating ability when determining if a discount for partial interest valuation should be applied. . . . As such, we have not applied a discount for lack of marketability and control when valuing the [Amtax's] partial interest."

5
**COMPLAINT**

19. Novogradac has misinterpreted the LPA. Its "understanding" that Amtax "has the right to force a sale of the real estate asset thus dissolving the Partnership" is wrong. Its "understanding" that "[JAE] lacks negotiating ability when determining if a discount for partial interest valuation should be applied" is wrong. And its decision not to apply "a discount for lack of marketability and control when valuing the [Amtax's] partial interest" is wrong. Novogradac's "understanding" is not supported by applicable law or the language of the LPA. Due to Novogradac's improper understanding and misapplication of the terms of the LPA, the two appraisers reached significantly different valuations that diverged by millions of dollars.

20. Amtax has taken the same position as Novogradac and further adopted Novogradac's misinterpretation of the LPA.

21. In light of Amtax's position, a dispute has arisen as to the proper interpretation of the LPA concerning what the appraisers should and should not consider when making fair market value determinations under Section 7.4.I of the LPA. Before the appraisers can fairly and properly select a neutral, third appraiser pursuant to Section 7.4.I of the LPA, and before that neutral, third appraiser can fairly and properly do its work, this dispute over the meaning of the LPA needs to be resolved in order to ensure that their analysis is consistent with the proper meaning of the LPA.

## COUNT I: DECLARATORY RELIEF

22. Plaintiff incorporates and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff is an interested person under a written contract whose rights, status, or other legal positions are affected by the LPA and applicable law, within the meaning of the federal declaratory judgment act. Plaintiff is therefore entitled to a declaration thereunder of its rights, status, or other legal relations under the LPA.

24. Plaintiff seeks a judicial determination that the LPA does not provide Amtax a right to elect to force the sale of the real estate assets, but that the Co-General Partner, JAE, has the right to elect whether to sell the Apartment Complex to a third party or purchase or arrange a purchase of Amtax's Limited Partners Interests in the Partnership.

25. Further, Plaintiff seeks a judicial determination that JAE has negotiating ability when determining if a discount for partial interest valuation should be applied when the appraiser determines the fair market value of Amtax's Limited Partners Interests in the Partnership.

26. Finally, Plaintiff seeks a judicial determination that the LPA requires the neutral appraiser to discount for lack of marketability and control when valuing Amtax's Limited Partners Interests in the Partnership.

# PRAYER

WHEREFORE Plaintiff prays for relief as follows:

A. For a declaration that Section 7.4.I of the LPA provides JAE the right to choose between locating a third-party purchaser to purchase the Apartment Complex or the Interest, or to purchase the Interest itself;

B. For a declaration that Section 7.4.I of the LPA does not provide Amtax the right to force a dissolution of the Partnership and sale of the Apartment Complex;

C. For a declaration that JAE has negotiating ability when determining if a discount for partial interest valuation should be applied when the appraiser determines the fair market value of Amtax's Limited Partners Interests in the Partnership;

D. For a declaration that the LPA requires the neutral appraiser to discount for lack of marketability and control when valuing Amtax's Limited Partners Interests in the Partnership.

E. For a speedy hearing pursuant to Rule 57;

F. For a declaration that, in light of this dispute, JAE is using its best efforts to close the sale of the Partnership Interest within the designated time-frame set forth in Section 7.4.I of the LPA, and that such time shall be tolled by this litigation;

G. For an award of all costs, expenses, and attorneys' fees to the extent permitted by statute, contract, or recognized ground in equity; and

H. For such other and further relief as the court may deem just and proper.

October 29, 2019:   ROBERT P. BERRY
CAROL M. SILBERBERG
BERRY SILBERBERG STOKES PC


By: /s/ Robert P. Berry
       Robert P. Berry

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a jury trial on all issues appropriately tried to a jury.

DATED: October 29, 2019

ROBERT P. BERRY
CAROL M. SILBERBERG
BERRY SILBERBERG STOKES PC

By:   /s/ Robert P. Berry
        Robert P. Berry