UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC., a California corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>AMTAX HOLDINGS 2001-XX, LLC, an Ohio limited liability company,<br><br>                                   Defendant. | Case No.: 19cv2075-JAH-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR EARLY CONFERENCE AND RELATED RELIEF PURSUANT TO LOCAL RULE 16.1(c)(1)**<br><br>**[ECF No. 6]** |

On November 6, 2019, Plaintiff filed an ex parte application requesting that the Court (1) expedite the scheduling of the Case Management Conference ("CMC") and (2) shorten the notice time on its anticipated motion for a speedy hearing pursuant to Federal Rule of Civil Procedure 57. ECF No. 6. On November 7, 2019, Plaintiff filed a "Notice of No Opposition" to inform the court that counsel for both parties conferred and Defendant represented to Plaintiff's counsel that it has no opposition to the relief sought in Plaintiff's

///
///
///
///

1

19cv2075-JAH-LL

ex parte application.[1] ECF No. 7; see also ECF No. 7-2, Declaration of Robert P. Berry ("Berry Decl."), ¶¶ 2-3. Specifically, Plaintiff requests:

> [I]f Defendant answers, Plaintiff seeks an order for a case management conference to occur within 21 days of the filing of Defendant's answer, and an order shortening time to notice and file its Rule 57 motion for a speedy hearing, such that it could be heard concurrently with the case management conference. In the alternative, if the Defendant files a motion in response to the Complaint, Plaintiff seeks an order shortening notice time on its Rule 57 motion for a speedy hearing, such that the Rule 57 motion shall be held concurrently with Defendant's motion to dismiss.

ECF No. 6 at 2. In support, Plaintiff states that the granting of its request "would prevent prejudice to Plaintiff, increase efficiency for all, and minimize delay in proceeding with this narrow declaratory relief action." ECF No. 6-1 at 2.

The relevant portion of the Civil Local Rules for the Southern District of California states the following:

> Within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judicial officer supervising discovery for an early neutral evaluation conference; this appearance must be made with authority to discuss and enter into settlement.
>
> At any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judicial officer assigned to supervise discovery in the case to hold an early neutral evaluation conference, discovery conference or status/case management conference. Copies of the request must be sent to counsel for the parties and the parties whose addresses are known to the requesting counsel. Upon receiving such request, the judicial officer will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay the case. The judicial officer will hold such conferences as he or she deems appropriate.

---

[1] The Court notes that Defendant was served with the complaint on October 30, 2019. ECF No. 5. Defense counsel has not yet made an appearance. See Docket.

CivLR 16.1.c.1. Additionally, it is the practice of the undersigned magistrate judge to hold the CMC immediately following the Early Neutral Evaluation Conference ("ENE") if the case fails to settle at the ENE.

Because the request is unopposed, the Court finds it appropriate to schedule the ENE and CMC approximately twenty-one days following Defendant's answer, subject to the availability of time on the Court's calendar. This expedited scheduling of the ENE and CMC will only take effect if Defendant files an answer before a motion to dismiss. See ECF No. 6-1 at 6. However, after consulting with the District Judge's chambers, the Court finds that it is premature to consider whether the time should be shortened on a prospective Rule 57 motion. At this initial stage of the proceedings, Defendant has not yet filed either a responsive pleading or other motion. Plaintiff's request to shorten the time on a speculative motion is premature and the Court denies this part of the ex parte application. Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's ex parte application as follows:

1. The Court **GRANTS** Plaintiff's request to schedule an ENE or CMC approximately twenty-one days following Defendant's answer, subject to the availability of time on the Court's calendar, if Defendant files an answer before a motion to dismiss.

2. All other requests are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: November 13, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge