UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMTAX HOLDINGS 2001-XX, LLC,<br><br>　　　　　　　　　　　　Defendant<br>_____<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 19cv2075-JAH-LL<br><br>**ORDER DENYING JOINT MOTION FOR SHORT CONTINUANCE OF DEADLINE TO COMPLETE SPECIFIED DEPOSITIONS AND OTHER SCHEDULING DATES**<br><br>**[ECF No. 49]** |

Currently before the Court is the parties' joint motion requesting that the Court continue the currently June 1, 2020 deadline by 30-45 days to complete certain specified depositions.[1] ECF No. 49. The parties state that there is good cause for the continuance because of "the COVID-19 pandemic, the location of the witnesses, many of whom are third parties, the location of the attorneys, and travel and other restrictions imposed by the federal, state, and local governments." Id. at 2. Specifically, the parties state that "most of

---

[1] The parties also later state in their Joint Motion that they are also seeking to "continue the remaining pretrial deadlines in the case for a similar amount of time." ECF No. 49 at 9.

1

the depositions in this case will be document intensive" and "the Parties are jointly concerned that remote video depositions could be difficult and inefficient (at best) and prejudicial (at worst)." Id. The parties state that they are "prepared to complete certain depositions remotely on or before the current June 1, 2020 deadline, but that other depositions require in-person attendance by the witnesses, attorneys, and court reporters due to the volume of documents and exhibits that will be used." Id.

The parties acknowledge that the Court has already granted a previous request by the parties to complete depositions in this case. ECF No. 34. The parties contend that they have met and conferred and the only deposition that they have determined can be conducted remotely is Amtax's deposition of Central Valley Coalition for Affordable Housing. Id. at 6. The parties state that they are "working cooperatively to determine whether the components of the Rule 30(b)(6) deposition topics noticed by JAE can be conducted remotely." Id. However, the parties contend that the remainder of the depositions[2] "cannot be conducted remotely without prejudice to the Parties." Id. In support, the parties state as follows:

> Conducting remote depositions involving numerous documents creates various challenges and impediments. Counsel concede that if there were only a handful of document exhibits, they could be handled in a remote deposition. But sorting through and retrieving the right documents or reviewing an exhibit electronically can be very time intensive and inefficient. Additionally, in person depositions give counsel much more control over what the witness is viewing at any given time. The witness has in front of him/her exactly what is necessary. If a witness cannot find something on a document, either counsel can reach over and point to the exact spot on the document that the witness needs to be looking. This is impossible in a remote deposition. In person depositions also allow more efficient and controlled examination of witnesses, especially when many documents are involved.

---

[2] Specifically, the parties request that they be given additional time to complete the following depositions in person: JAE, AMTAX, Alden Torch and Mr. Blake, Ms. Arthur and Novogradac, Mr. Doyle and Mr. Petropolos. ECF No. 49 at 7.

Id. at 6-7.

"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). In employing the Federal Rules of Civil Procedure, courts and parties are required "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Pursuant to Rule 16, the Court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."[3] See Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id.

The Court fails to find good cause to extend the deadline for the parties to complete the specified depositions for 30-45 days, and also to continue the remaining pretrial deadlines in the case for a similar amount of time. The primary reason the parties seek the continuance is because they hope the physical distancing and stay-at-home orders required by the current pandemic will be lessened to allow for in-person depositions in the near future. This, however, is pure speculation. It is not feasible for the Court to extend deposition deadlines until a time when they can be safely conducted in person because no one knows when that will occur and there are alternatives. Rule 30(b)(4) allows depositions to "be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The Court authorizes the use of remote depositions by videoconference in this action, which will help secure a "just, speedy, and inexpensive determination." Fed. R. Civ. P. 1; see also Velicer v. Falconhead Capital LLC, No. C19-1505 JLR, 2020 WL 1847773, at *2 (W.D. Wash. Apr. 13, 2020) (finding no good cause to extend scheduling order deadlines by ninety days

---

[3] The word "Rule" in this order refers to the Federal Rules of Civil Procedure, unless specified otherwise.

and urging the parties to consider remote depositions); Sinceno v. Riverside Church in City of New York, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (authorizing remote depositions "[i]n order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding'" (citation omitted)).

The Court is not convinced that document intensive depositions are a bar to remote videoconference depositions. Other courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently. See Kaseberg v. Conaco, LLC, No. 15cv01637-JLS-DHB, 2016 WL 8729927, at *6 (S.D. Cal. Aug. 19, 2016) (requiring a copy of exhibits intended to be used at a remote deposition to be sent to deponent's attorney at least twenty-four hours in advance of the deposition); Carrico v. Samsung Elecs. Co., No. 15-CV-02087-DMR, 2016 WL 1265854, at *2 (N.D. Cal. Apr. 1, 2016) (approving methods such as exchanging Bates-stamped documents in advance of a remote deposition or using modern videoconference software to share documents and images); Lopez v. CIT Bank, N.A., No. 15CV00759BLFHRL, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (disagreeing that reviewing complicated exhibits remotely would be impracticable because exhibits can be shared with modern videoconference software or by distributing Bates-stamped copies); Lott v. United States, No. C-07-3530 PJH (EMC), 2008 WL 2923437, at *1 (N.D. Cal. July 25, 2008) (finding no prejudice incurred in remote depositions that require reference to critical exhibits such as photographs, diagrams, and drawings because the exhibits may be sent to the deponent in advance of the deposition).

While the Court is sympathetic to the challenges to the legal community during this pandemic, attorneys and litigants are adapting to new ways to practice law, including preparing for and conducting depositions remotely. Grano v. Sodexo Mgmt., Inc., No. 18cv1818-GPC(BLM), 2020 WL 1975057, at *3 & n.5 (S.D. Cal. Apr. 24, 2020) (collecting cases). In addition to finding no good cause to extend fact discovery for 30-45

days, the Court also finds the parties have not diligently sought to complete depositions because they are rejecting the use of remote videoconference depositions for reasons of convenience and not true prejudice. Accordingly, the Court **DENIES** the parties' joint motion.

**IT IS SO ORDERED**.

Dated: May 12, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge