```
 1  ERIC S. PETTIT (SBN 234657)
      epettit@kslaw.com
 2  CRAIG H. BESSENGER (SBN 245787)
      cbessenger@kslaw.com
 3  LAURA RADEN (SBN 326627)
      lraden@kslaw.com
 4  KING & SPALDING LLP
    633 West Fifth Street
 5  Suite 1600
    Los Angeles, CA 90071
 6  Tele:  213-443-4355
    Fax:   213-443-4310
 7
    Attorneys for Defendant and Counter-Plaintiff
 8  AMTAX Holdings 2001-XX, LLC
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>AMTAX HOLDINGS 2001-XX, LLC,<br><br>                                    Defendant.<br>_____<br>AMTAX HOLDINGS 2001-XX, LLC and VICTORIA HEIGHTS LTD.,<br><br>                         Counter-Plaintiffs,<br><br>v.<br><br>JAE PROPERTIES, INC.,<br><br>                 Counter-Claim Defendant. | Case No.: 3:19-cv-2075-JAH-LL<br><br>**[REDACTED] NOTICE OF MOTION AND MOTION OF DEFENDANT AND COUNTER-PLAINTIFF AMTAX HOLDINGS 2001-XX, LLC TO COMPEL FURTHER DEPOSITION TESTIMONY OF ROGER C. HARTMAN; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Craig H. Bessenger and accompanying Exhibits]<br><br>**Judge:     Hon. Linda Lopez**<br>**Date:      n/a**<br>**Time:      n/a**<br>**Crtrm.:    2B**<br><br>Trial Date: None set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** as soon as this matter may be heard, in the courtroom of the Honorable Linda Lopez, located in the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC ("AMTAX") will and hereby does move this Court to compel fact witness Roger C. Hartman ("Hartman") to provide further remote deposition testimony in response to questions that he was improperly instructed by counsel for Plaintiff and Counter-Defendant JAE Enterprises, Inc. ("JAE") not to answer at his deposition on June 5, 2020.

This Motion is made upon the following grounds:

As the Court found in its order granting AMTAX's prior motion to compel (ECF No. 52), Hartman repeatedly held himself out as counsel for the partnership in connection with matters of partnership business relevant to this litigation. Like the documents that the Court ordered JAE to produce in response to AMTAX's earlier motion to compel, the questions that JAE's counsel instructed Hartman not to answer at his deposition concerned partnership business, and included questions about documents that JAE had produced in response to the Court's prior order.

AMTAX, as the limited partner in the partnership, is entitled to Hartman's deposition testimony concerning documents that JAE produced in response to the Court's prior order, and JAE cannot instruct Hartman not to answer such questions by claiming a privilege with the JAE. *See* ECF No. 52 ("If JAE were allowed to invoke the attorney-client privilege with respect to the disputed communications between JAE and Hartman, this would effectively allow JAE to selectively assert privilege to strategically serve its own interests in this litigation.").

In addition, even if the attorney-client privilege or work product protection might have justified a refusal to answer some of the questions asked at Hartman's deposition (which is not the case), JAE affirmatively waived any such privilege or protection by

producing certain documents, failing to claw them back, failing to object to their introduction as exhibits at Hartman's deposition, and further failing to seek a protective order or other relief in the weeks following Hartman's deposition.  *See, e.g., Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 214CV00772GMNNJK, 2016 WL 3654285, at *2 (D. Nev. July 5, 2016).

Consistent with the Court's Chamber Rules and its direct instruction to the parties (ECF No. 62), and as more fully detailed below and in the accompanying Declaration of Craig H. Bessenger ("Bessenger Decl."), counsel for AMTAX has engaged in significant efforts to resolve this discovery dispute short of motion practice, including by agreeing to (1) narrow the scope of the further deposition testimony to questions relating to documents JAE produced in response to the Court's prior order, and (2) limit questioning about these documents to one hour (exclusive of breaks and any technical delays). (Bessenger Decl., ¶¶ 11-28.)  JAE, however, has refused to agree to this compromise. (*Id*., ¶ 28.)

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Craig H. Bessenger and accompanying exhibits filed concurrently herewith, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

DATED: July 20, 2020

KING & SPALDING LLP
ERIC S. PETTIT
CRAIG H. BESSENGER
LAURA RADEN

By: */s/ Craig H. Bessenger*
　　　CRAIG H. BESSENGER
Attorneys for Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

This is the second motion to compel that Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC ("AMTAX") has been forced to file in pursuit of its counterclaims against Plaintiff and Counter-Defendant JAE Properties, Inc. ("JAE"). AMTAX is seeking to enforce its contractual right to receive fair market value for its 99.9% ownership interest in Victoria Heights, Ltd. (the "Partnership"), and for further relief based on JAE's breaches of its contractual and fiduciary duties as the Partnership's general partner.

The Court has already ruled that communications between JAE and attorney Roger Hartman concerning matters of Partnership business are not privileged as to AMTAX, and therefore must be produced. (Dkt. # 52.) Despite the Court's ruling, however, JAE's counsel instructed Hartman not to answer numerous questions at Hartman's deposition concerning Partnership business—including questions concerning the very documents produced in response to the Court's order on the prior motion to compel—asserting that the questions invaded the attorney-client privilege between JAE and Hartman.[1] As set forth below, these instructions were improper, and AMTAX is entitled to Hartman's testimony. Through this motion to compel, AMTAX seeks a resumed remote deposition of Hartman, limited to one hour, exclusive of breaks and any technical delays, at which Hartman must provide responsive answers to questions relating to documents previously produced, as well as reasonably-related follow-up questions.

## I.    FACTUAL BACKGROUND

The underlying factual allegations regarding AMTAX's counterclaims against JAE are detailed in AMTAX's Answer and Counterclaims (ECF No. 9) and in AMTAX's earlier Motion to Compel to Production of Documents. (ECF No. 39.) In summary, after AMTAX exercised its right under the partnership agreement (the "LPA") to demand an

---

[1] JAE and Hartman are represented by the same legal counsel in this litigation. (Bessenger Decl., ¶ 9.) Opposing counsel instructed Hartman not to answer 11 times during his deposition in connection with various topics, but AMTAX is only challenging instructions relating to two documents. (Id. at 10)

exit from the Partnership, JAE improperly interfered with and influenced the contractual appraisal process for determining the fair market value of AMTAX's interest in order to drive down the price it would have to pay its partner for that interest, and then refused to complete the process when it was unhappy with the results. JAE was aided and abetted in this scheme by Hartman, who held himself out as counsel for both JAE and the Partnership itself during all times relevant to this motion. (ECF No. 52 ("[A]s Hartman concedes, he identified himself, in writing, in at least three instances as legal counsel for both the Partnership and the General Partners.")

## II. PROCEDURAL HISTORY

In response to AMTAX's document requests, JAE refused to produce hundreds of documents based on an assertion of the attorney-client privilege and other protections. According to JAE's privilege log, JAE and Hartman exchanged numerous communications and documents that JAE described in its privilege log as concerning the "appraisal process" and the "disposition of Victoria Heights." AMTAX moved to compel production of these documents because they clearly concerned Partnership business, and therefore were not privileged as to AMTAX. *See, e.g., Johnson v. Superior Court*, 38 Cal.App.4th 463, 477 n.4 (1995) ("[A]ll partners have a right to access to information and communications concerning partnership business, including communications with attorneys who are retained to give advice concerning partnership business.").

The Court agreed with AMTAX, granted its motion to compel, and ordered JAE to produce the documents at issue, holding that "it would have been reasonable for Amtax to consider communications regarding [AMTAX's exit from the Partnership and the appraisal process] as relating to Partnership business. . . . If JAE were allowed to invoke the attorney-client privilege with respect to the disputed communications between JAE and Hartman, this would effectively allow JAE to selectively assert privilege to strategically serve its own interests in this litigation." (ECF No. 52.) Following JAE's production of the documents it had attempted to withhold, AMTAX deposed JAE's

corporate designee, Edmond Johnson ("Johnson"), on June 1, 2020, and deposed Hartman on June 5, 2020. The instant motion arises from Hartman's refusal to answer questions relating to the documents produced in response to the Court's earlier order.

Undersigned counsel for AMTAX engaged in significant efforts to resolve this discovery dispute short of motion practice. Consistent with the Court's Chamber Rules, AMTAX's counsel exchanged correspondence with JAE, then met and conferred telephonically in an effort to resolve this dispute on June 29, 2020. (Bessenger Decl., ¶ 15.) Counsel for the parties subsequently conducted a telephonic conference with the Court on July 8, 2020, but the parties were again unable to resolve the dispute. (*Id.*, ¶ 16.) On July 13, 2020, the Court issued an order scheduling a telephonic hearing for July 14, 2020. (*Id.*, ¶ 17.) On the evening of July 13, 2020, AMTAX's counsel sent a meet and confer email to JAE's counsel, offering to discuss the dispute prior to the telephonic hearing with the Court. (*Id.*, ¶¶ 17-18.) JAE's counsel did not respond to this email. (*Id.*, ¶ 17.) On July 14, 2020, following the telephonic hearing, the Court issued an Order Setting Briefing Schedule on AMTAX's motion to compel, in which it ordered the parties to continue their meet and confer efforts. (*Id.*, ¶ 19.) Counsel exchanged emails, in which AMTAX's counsel further narrowed its request to one hour of continued deposition testimony on two topics, as reflected in this motion. (*Id.* ¶¶ 20-28.) AMTAX's counsel repeatedly attempted to schedule a telephone call with JAE's counsel to further discuss the discovery dispute, in compliance with Chamber Rule V.I. (*Id.*) They finally spoke late Sunday afternoon, but were unable to resolve the dispute. (*Id.*, ¶ 28.)

### III. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). "As a general rule, 'instructions not to answer questions at a deposition are improper.'"

*Cohen v. Trump*, Civil No. 13CV2519 GPC (WVG), 2015 WL 2406094, at *1 (S.D. Cal. May 19, 2015) (quoting *Detoy v. City and Cty. of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000)). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1).

"In diversity actions, questions of privilege are controlled by state law." *In re California Pub. Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). Under California law, a party "claiming an attorney-client privilege has the burden of showing that the requested information comes within the privilege. Because invocation of the privilege may obstruct the search for truth, the privilege is strictly construed." *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981) (citations omitted). The same standard applies under the federal law of privilege. *See Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("[T]he burden of proving that the attorney-client privilege applies rests . . . with the party asserting it.") (citations omitted).

## IV. AMTAX IS ENTITLED TO THE TESTIMONY IT SEEKS FROM HARTMAN

The Court has already ruled that the documents about which AMTAX questioned Hartman at his deposition are not privileged as to AMTAX. (ECF No. 52.) JAE, moreover, has waived any argument to the contrary by failing timely to object to or seek reconsideration of the Court's previous order, and instead complying with that order and producing the documents it had claimed were privileged. (ECF No. 62 at 2, n.1 (confirming that "the Court will not consider any arguments made by JAE in connection with reconsideration of the May 7, 2020 Order").)

By producing the documents at issue in response to the earlier motion to compel, without further objection, JAE has also waived any right to claim that communications about the subject matter in the documents is privileged as to AMTAX. Fed. R. Evid. 502(a) ("When the disclosure [of purportedly privileged material] is made in a federal proceeding . . . and waives the attorney-client privilege or work-product protection, the

waiver extends to an undisclosed communication or information . . . if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."); *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 471 n.2 (N.D. Cal. 2012) (Federal law governs the scope of privilege waivers, "even if state law provides the rule of decision."). JAE accordingly cannot produce documents that the Court held were not privileged as to AMTAX, and then refuse to permit witnesses to answer questions relating to those very documents.

**A. JAE's Intention to Mislead the Partnership's Auditor**

At JAE's deposition on June 1, 2020, Johnson testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Bessenger Decl., ¶ 6, Ex. 1 at 200:14-23; 205:8-10.  Johnson acknowledged that ▮▮▮▮▮▮▮▮▮▮ (*Id.*)  The evidence also reflects that ▮▮▮▮▮▮▮▮

As an example, one of the documents that JAE produced is an email in which ▮▮▮▮▮▮▮▮▮▮ (*id.*, ¶ 29, Ex. 7):

1  At Hartman's deposition, JAE's counsel instructed him not to answer questions
2  about the ███████ raised by Johnson in this email:

[redacted block]

(*Id.*, ¶ 8, Ex. 2 at 222:10-223:8.)

Hartman was again instructed not to answer a straightforward question about the document, specifically whether [redacted]

6
MPA ISO MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY OF ROGER C. HARTMAN

[REDACTED]

(*Id.*, Ex. 2 at 223:13-224:3.)

Johnson's discussions with the Partnership's legal counsel, Hartman, concerning [REDACTED] are not privileged as to AMTAX in the first instance. Further, given that Johnson's email is specifically [REDACTED], this topic is squarely within the scope of the Court's prior order, and is not privileged as to AMTAX.

**B. Questions Regarding 10/02/19 Memorandum**

In response to the Court's order, JAE also produced a memorandum entitled [REDACTED] (*Id.*, ¶ 30, Ex. 8.) The interpretation and application of Section 7.4.I is a central issue in dispute in this litigation. At Hartman's deposition, however, JAE's counsel instructed Hartman not to answer questions about the document:

[REDACTED]



[REDACTED]

(*Id.*, Ex. 2 at 260:18-261:8.)

JAE produced this document in response to the Court's order, did not attempt to claw the document back, and did not object to its introduction as an exhibit at Hartman's deposition. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 214CV00772GMNNJK, 2016 WL 3654285, at *2 (D. Nev. July 5, 2016) ("[F]ailure to timely object to the introduction of an exhibit waives any privilege, regardless of the presence of a claw-back provision governing inadvertent disclosure. . . . An objection is timely only if it is raised when the evidence is first presented."). There is no principled basis for JAE to produce this document after its original privilege assertion was rejected by the Court, allow its introduction as an exhibit, and then refuse to permit Hartman to answer questions about its contents.

## V.   CONCLUSION

Based on the foregoing, AMTAX respectfully requests that the Court grant its motion and order a continued remote deposition of Roger C. Hartman at which he must provide responsive testimony relating to the two documents discussed above.

DATED: July 20, 2020

KING & SPALDING LLP
ERIC S. PETTIT
CRAIG H. BESSENGER
LAURA RADEN

By: */s/ Craig H. Bessenger*
    CRAIG H. BESSENGER
Attorneys for Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC