UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC.,<br><br>                                      Plaintiff,<br><br>v.<br><br>AMTAX HOLDINGS 2001-XX, LLC,<br><br>                                      Defendant. | Case No.:  19cv2075-JAH-LL<br><br>**ORDER RE: DEFENDANT AND COUNTER-PLAINTIFF AMTAX HOLDINGS 2001-XX, LLC'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY OF ROGER HARTMAN**<br><br>**REDACTED**<br><br>[ECF No. 65] |
| AMTAX HOLDINGS 2001-XX, LLC and VICTORIA HEIGHTS LTD.,<br><br>                                      Counter-Plaintiffs,<br><br>v.<br><br>JAE PROPERTIES, INC.,<br><br>                                      Counter-Claim Defendant. | |

/ / /

1

On July 14, 2020, counsel for the parties called the Court to discuss a discovery dispute regarding an issue raised by Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC (hereinafter "Amtax") for the Court's intervention. The Court issued a briefing schedule. ECF No. 62.  Amtax timely filed the Motion to Compel (hereinafter "Motion"), seeking further deposition testimony from Roger C. Hartman. See ECF Nos. 65, 73.  Amtax "seeks a resumed remote deposition of Hartman, limited to one hour, exclusive of breaks and any technical delays, at which Hartman must provide responsive answers to questions relating to documents previously produced, as well as reasonably-related follow-up questions." Id. at 4. Amtax's Motion includes a Declaration of Craig Bessenger and Exhibits in support thereof. ECF Nos. 65-1 through 65-9; see also ECF No. 73-1 through 73-9.   JAE Properties, Inc. (hereinafter "JAE") filed an Opposition to Amtax's Motion (hereinafter "Oppo."). See ECF No. 68, see also ECF No. 74. JAE's Opposition includes a Declaration of Robert P. Berry and exhibits in support thereof.  ECF Nos. 68-1 through 68-4; see also ECF No. 74-1 through 74-4.  Amtax timely filed a Reply. See ECF No. 71; see also ECF No. 75.

For the reasons set forth below, Amtax's Motion [ECF No. 65] is **GRANTED IN PART.**

## I.     RELEVANT DISCOVERY BACKGROUND

On May 7, 2020, this Court issued an Order on Amtax's Motion to Compel which requested that the Court compel JAE to produce disputed communications between JAE and Roger Hartman (hereinafter "Hartman") because they related to Partnership[1] business. ECF No. 51 at 4.  The dispute required the Court to determine whether certain communications between Hartman and JAE are protected by the attorney-client privilege and/or the attorney work product protection. Id. at 5.  This Court found that "the totality of

---

[1] JAE and Amtax had an Amended and Restated Limited Partnership Agreement ("LPA") dated August 27, 2001, governing, Victoria Heights, LTD., a California Limited Partnership (the "Partnership"). ECF No. 1.

the circumstances, including the parties' conduct, implie[d] an agreement by Hartman not to accept other representations adverse to Amtax's personal interests." Id. at 16. Further, this "Court [found] that based on the facts in this case, it was reasonable for Amtax to believe that Hartman would protect Amtax's individual interests as a member of the Partnership." Id. This Court reasoned that "[i]f JAE were allowed to invoke the attorney-client privilege with respect to the disputed communications between JAE and Hartman, this would effectively allow JAE to selectively assert privilege to strategically serve its own interests in this litigation." Id. at 16. Accordingly, the Court ordered JAE to produce the disputed communications between JAE and Hartman as identified on the privilege log attached as Exhibit 4 to the Declaration of Craig Bessenger in support of Amtax's Motion to Compel. Id. at 16-17.

Following JAE's production of the documents in compliance with the Court's May 7, 2020 Order, Amtax deposed JAE's corporate designee, Edmond Johnson ("Johnson"), on June 1, 2020, and deposed Hartman on June 5, 2020. Motion at 5-6; see also Berry Decl. at ¶¶ 5-6. During the course of Hartman's deposition, Mr. Berry (counsel for Hartman and counsel for JAE in this litigation), instructed Hartman not to answer certain questions on the basis of attorney-client privilege, including questions relating to Exhibit 202 and Exhibit 215. Motion at 5-6; see also Bessenger Decl. at ¶ 10. Amtax now brings the instant Motion "from Hartman's refusal to answer questions relating to the documents produced in response to the Court's earlier order." Motion at 6.

## II.   LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

2

> benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Under Federal Rule of Civil Procedure 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Rule 30(c)(2) provides the following guidance regarding objections during a deposition:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner.

3

Id. "As a general rule, 'instructions not to answer questions at a deposition are improper.'" Cohen v. Trump, Civil No. 13–CV–2519–GPC (WVG), 2015 WL 2406094, at *1 (S.D. Cal. May 19, 2015) (quoting Detoy v. City and Cty. of San Francisco, 196 F.R.D. 362, 365 (N.D. Cal. 2000)). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). "If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, the examination still proceeds; the testimony is taken subject to any objection." Mendez v. R+L Carriers, Inc., No. CV 11–02478–CW (JSC), 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012) (citations omitted) (internal quotation marks omitted).

### III. SUMMARY OF THE PARTIES' POSITIONS

#### A. Amtax's Position

Amtax argues that "[t]he Court has already ruled that communications between JAE and Roger Hartman concerning matters of Partnership business are not privileged as to Amtax, and therefore must be produced." Motion at 4 (citing ECF No. 52). Amtax argues that "JAE [] cannot produce documents that the Court held were not privileged as to Amtax, and then refuse to permit witnesses to answer questions relating to this very document." Motion at 8. Amtax further argues:

> Despite the Court's ruling, [] JAE's counsel instructed Hartman not to answer numerous questions at Hartman's deposition concerning Partnership business – including questions concerning the very documents produced in response to the Court's order on the prior motion to compel – asserting that the questions invaded the attorney-client privilege between JAE and Hartman. As set forth, these instructions were improper, and Amtax is entitled to Hartman's testimony. Through this motion to compel, Amtax seeks a resumed remote deposition of Hartman, limited to one hour, exclusive of breaks and any technical delays, at which Hartman must provide responsive answers to questions relating to documents previously produced, as well as reasonably-related follow-up questions.

Id. at 4. Specifically, Amtax requests deposition testimony on two topics, as set forth in more detail below. Motion at 6 (citing Bessenger Decl. at ¶¶ 20-28).

4

1    The first topic Amtax seeks further deposition testimony about is ▮▮▮▮
2    ▮▮▮▮▮ to Hartman regarding the subject of "Victoria Heights." Motion at 8; <u>see</u>
3    <u>also</u> Bessenger Decl. ¶ 8; Exhibit 2 at 222:10-223:8. Amtax states that during Johnson's
4    June 1, 2020 deposition, Johnson acknowledged that ▮▮▮▮
5    ▮▮▮▮
6    ▮▮▮▮
7    Motion at 8 (citing Bessenger Decl. at ¶ 6, Ex. 1 at 200:14-23; 205:8-10). Amtax argues
8    that the ▮▮▮▮
9    ▮▮▮▮ Motion at 8.  In support, Amtax cites ▮▮▮▮
10   ▮▮▮▮
11   ▮▮▮▮
12   ▮▮▮▮ Motion at 8; <u>see</u> <u>also</u>
13   Exhibit 7.
14       Counsel for Amtax asked Hartman about this ▮▮▮▮ during
15   Hartman's June 5, 2020 deposition. Motion at 8-9; <u>see also</u> Bessenger Decl. at ¶ 8; Exhibit
16   2 at 222:10-223:8. Amtax states that JAE's counsel instructed Hartman not to answer
17   specific questions about the email on the basis of attorney-client privilege. Motion at 9;
18   Bessenger Decl. at ¶ 8; <u>see also</u> Exhibit 2 at 222:10-223:8. Specifically, the two questions
19   that Hartman was instructed not to answer about the email are as follows: ▮▮▮▮
20   ▮▮▮▮ and ▮▮▮▮
21   ▮▮▮▮
22   ▮▮▮▮
23   ▮▮▮▮ Motion at 9-10; <u>see also</u> Ex. 2 at 222:10-223:11; 223:13-224:3.
24       Amtax argues that "Johnson's discussions with the Partnership's legal counsel,
25   Hartman, concerning ▮▮▮▮
26   ▮▮▮▮ are not privileged as to Amtax in the first instance." Motion at 10. Amtax further
27   argues that "given that Johnson's email is specifically ▮▮▮▮
28   ▮▮▮▮

5

this topic is squarely within the scope of the Court's prior order, and is not privileged as to Amtax." Id.

The second topic that Amtax seeks further deposition testimony about is a memorandum produced by JAE entitled ▮▮▮▮▮▮▮▮▮▮ in which Hartman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 10 (citing Bessenger's Decl. at ¶ 30, Ex. 8). Amtax argues that "[t]he interpretation and application of Section 7.4.I is a central issue in dispute in this litigation." Motion at 10. Counsel for Amtax asked Hartman about the memorandum during Hartman's June 5, 2020 deposition. Motion at 10-11; see also Exhibit 2 at 260:18-261:8. JAE's counsel, Mr. Berry, instructed Hartman not to answer specific questions and objected on the basis of attorney-client privilege. Motion at 10-11; see also Exhibit 2 at 260:18-261:8. Specifically, the question that Hartman was instructed not to answer about the memorandum is as follows: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 11; see also Ex. 2 at 260:18-261:8. Amtax argues that "JAE produced this document in response to the Court's order, did not attempt to claw the document back, and did not object to its introduction as an exhibit at Hartman's deposition." Motion at 11 (internal citations omitted).

**B.    JAE's Position**

JAE argues that it has "fully honored both the letter and spirit of this Court's May 7 Order." Oppo. at 2. JAE states that "Mr. Hartman fully answered Amtax's questions about these documents within the scope of the Order." Id. JAE's position is that "Mr. Hartman was instructed not to answer two questions because they were: (1) beyond the four-corners of the documents; (2) involved legal advice given to JAE only; (3) involved legal advice related to an accounting question well beyond both the Complaint and the Order; and (4) involved legal advice JAE received directly in connection with this litigation (not during the underlying dispute) which Amtax's counsel specifically told this Court (and the witness at the deposition) it was not seeking." Id. JAE argues that "the current Motion, which seeks a vague order to compel Mr. Hartman to testify to unspecified questions 'relating to' the

6

two documents and 'reasonably-related follow-up questions' with no clear subject matter restriction, should be denied." Id. at 3.

In connection with the first topic that Amtax seeks further deposition testimony about from Hartman, JAE argues that "[t]he subject matter of the ███████ ████████████████████████████████████████████████████████████" Oppo. at 4. Notwithstanding this, JAE argues that "the record demonstrates that Mr. Hartman already answered the questions within the scope of this Court's May 7 Order." Id.; see also Ex. 2 at 217:17-24; 218:14-19; 221:1-17. For example, JAE states that when Amtax's counsel asked the question "████████████████████████████████ Hartman responded that ████████████ Oppo. at 4. Ex. 2 at 217:17-24; 218:14-19. When Amtax's counsel asked Hartman ███████████████████████████████████████████████████████████████████████████████ Id. JAE cites to specific testimony given by Hartman regarding the document in support of JAE's argument that Hartman testified substantively to the January 30, 2019 email. Oppo. at 4-5. In sum, JAE argues that "████████████████████████████████████████████████████████████████████████████████████████████" Oppo. at 6. Finally, JAE argues that ████████████████████████████████████████████████████████████████████████████████████████████ Id.

In connection with the second topic that Amtax seeks further deposition testimony about from Hartman, JAE argues that the ████████████████████████████ Oppo. at 6. JAE further argues that "Amtax was not denied any testimony about the substance of this document – i.e., ████████████████████████ Id. at 7. JAE states that "████████████████████████████████████████████████████████████████████████████████████████████████████ Id. JAE argues that "Amtax cannot and has not identified a single question that has not been answered that is within the four corners of the document." Id. at 8.

7

1    Finally, JAE argues that "Amtax fails to meet the legal standard" because Amtax
2  has "failed to identify what questions about the substance of the documents were asked and
3  not answered." Id. JAE states that "[t]o the extent the Court grants Amtax's Motion, it
4  should place strict limits on additional testimony." Id.

## IV.   DISCUSSION

### A. Amtax Is Entitled to Additional Testimony From Hartman About ████████████

The Court finds that Amtax is entitled to further deposition testimony from Hartman in connection with ████████████████████████ Contrary to JAE's argument, Amtax has identified what questions about the substance of the documents were asked and not answered. Amtax's Motion clearly cites the line of questioning that JAE's counsel instructed Hartman not to answer. See Motion at 9-10 (citing Ex. 2 at 222:10-223:11; 223:13-224:3). The first question that Amtax seeks an answer from Hartman is ████████████████████████████████████████████ See Motion at 9; see also Reply at 3. The second question that Amtax seeks an answer from Hartman is: ████████████████████████████████████████████████████████████████ Motion at 9-10. Based on the record, the Court finds that Hartman has failed to sufficiently respond to these substantive questions about ████████████████████ Exhibit 2 at 221-22.

JAE's argument that Hartman has substantively testified to the January 30, 2019 email is without merit. JAE cites excerpts from Hartman's deposition testimony[2] regarding

---

[2] For example, JAE cites Hartman's testimony as set forth below:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

8

1  whether ▮
2  []?" Oppo. at 4-5 (citing Exhibit 2 at 221:1-222:8). However, those questions were about
3  whether ▮ which is different than
4  the questions at issue in the instant Motion. Additionally, even Hartman concedes in his
5  testimony that his response to those questions about ▮
6  ▮ Exhibit 2, at 221:16-18.

The Court also overrules JAE's argument that Amtax was asking a "purely legal question of JAE's lawyer (outside the context the Court found Mr. Hartman might have acted as a joint lawyer in the May 7th Order) concerning a purely legal issue unrelated to any issue in the pleadings." Motion at 6. The questions about the ▮ at issue concern the ▮. As the Court ruled in its previous discovery Order, Hartman's legal advice concerning Partnership business was not privileged as to Amtax. ECF No. 52. Additionally, the questions are relevant to Amtax's direct and derivative counterclaims against JAE for breaches of its contractual and fiduciary obligations to the Partnership and Amtax. ECF No. 9 at 19-22.

For these reasons, the Court finds that Amtax is entitled to additional testimony about whether ▮

Accordingly, the Court **GRANTS** Amtax's Motion to Compel further deposition testimony from Hartman on ▮.

---

▮

Exhibit 2 at 221:1-17. Counsel for Amtax followed up and asked Hartman ▮ Id. at 19-25. Notwithstanding counsel for JAE's objection on the basis of foundation, speculation and that the question was asked and answered, Hartman responded that ▮ Id. at 222:1-8.

9

### B. Amtax Is Entitled to Additional Testimony From Hartman About the October 2, 2019 Memorandum.

The Court finds that Amtax is entitled to additional testimony Hartman about the October 2, 2019 memorandum. It is undisputed that the memorandum at issue was produced by JAE in response to this Court's May 7, 2020 Discovery Order. Motion at 11; Reply at 4; Oppo. at 3. The Court finds that Amtax's question, ▮▮▮▮▮▮▮▮▮▮ is squarely within the four corners of the document. The Court overrules JAE's arguments that the document is protected by the attorney-client privilege because the document was ▮▮▮▮▮▮▮▮▮▮ Oppo. at 6-7. The document was properly produced per this Court's May 7, 2020 Order, and JAE cannot now instruct its witnesses not to answer *any* questions regarding the October 2, 2019 memorandum under the attorney-client privilege.  As JAE is aware, the deadline to have objected to the Court's Order requiring production of this document has expired. See Civil Local Rule 7.1.

Accordingly, the Court **GRANTS IN PART** Amtax's Motion to further depose Hartman via videoconference.  Amtax's Motion to compel additional deposition testimony about ▮▮▮▮▮▮▮▮▮▮ is **GRANTED**. Amtax's Motion to further depose Hartman about the October 2, 2019 Memorandum is **GRANTED**.  Amtax's continued remote deposition of Hartman shall be limited to no more than **thirty (30) minutes** (exclusive of breaks and any technical delays), and shall be completed on or before **August 18, 2020**. Amtax shall limit the questions to the four corners of the documents at issue.

**IT IS SO ORDERED**.

Dated:  August 12, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge