BERRY SILBERBERG STOKES PC
ROBERT P. BERRY, State Bar No. 220271
16150 Main Circle Drive
Suite 120
St. Louis, MO 63017
Telephone: (314) 480-5882
Facsimile: (314) 480-5884
rberry@berrysilberberg.com

BERRY SILBERBERG STOKES PC
CAROL M. SILBERBERG, State Bar No. 217658
155 North Lake Avenue
Suite 800
Pasadena, CA 91101
Telephone: (213) 986-2688
csilberberg@berrysilberberg.com

Attorneys for Plaintiff and Counter-Defendant
JAE Properties, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>AMTAX HOLDINGS 2001-XX, LLC,<br><br>        Defendant.<br><br>AMTAX HOLDINGS 2001-XX, LLC and VICTORIA HEIGHTS LTD.,<br><br>        Counter-Plaintiffs,<br><br>v.<br><br>JAE PROPERTIES, INC.,<br><br>        Counter-Defendant. | Case No.: 3:19-cv-2075-JAH-LL<br><br>**[REDACTED] JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF AND COUNTER-DEFENDANT JAE PROPERTIES, INC. AND RESPONSES TO OBJECTIONS**<br><br>The Honorable John A. Houston<br><br>Date: November 4, 2020<br>Time: 10:30 a.m.<br>Crtrm: 13B<br><br>Trial Date: None set |

## I. INTRODUCTION

JAE Properties, Inc. ("JAE") submits this response to Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC's Objections to Evidence Submitted by Plaintiff and Counter-Defendant JAE Properties, Inc. and Responses to Objections. The objections lodged by AMTAX Holdings 2001-XX, LLC ("AMTAX") to JAE's evidence are baseless, and its attempts to rehabilitate its own evidentiary failings fall short.

## II. AMTAX'S OBJECTIONS ARE UNSUPPORTED

**1.** AMTAX's first Objection[1] is simply cover for the fact that it dislikes the well-supported opinions of Mr. J. William Callison, which dramatically undermine AMTAX's case. This Objection argues that the reports and testimony of Mr. Callison (Declaration of Robert P. Berry in Support of JAE Properties, Inc.'s Opposition to AMTAX Holdings 2001-XX, LLC's Motion for Summary Judgment ("Berry Opp. Decl."), Exs. N, O, and U) contain impermissible legal conclusions and are improper ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Both of these arguments fail.

As an initial point, AMTAX's objection to purported legal conclusions only cites two specific statements, so this Court should deny this objection as to the rest of the material as unsupported and without foundation. *Fleming v. Coverstone*, 2011 WL 902117, at *2 (S.D. Cal. Mar. 14, 2011) (denying objection where it failed to identify specific evidence); *Mansfield v. United States*, 2020 WL 4274704, at *1 (D. Idaho July 24, 2020) (party seeking to exclude evidence did not "identify any specific evidence or 'speculative arguments' that they seek to exclude. Without that specificity, any exclusion order would be unfairly vague."). And the second statement challenged by this Objection (Berry Opp. Decl., Ex. N, p. 12), which is related ▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] "Objection" refers to AMTAX's Objections to JAE's Evidence on pages 1-4 of Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC's Objections to Evidence Submitted by Plaintiff and Counter-Defendant JAE Properties, Inc. and Responses to Objections (ECF No. 97-3.)

1

██████████████████████████████████████████ so the objection is pointless and should be denied. *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, 2009 WL 10674074, at *4 (S.D. Cal. Apr. 1, 2009) (holding that objection to unused expert testimony was moot and should be denied); *see Carrillo v. Schneider Logistics Trans-Loading & Dist., Inc.*, 2014 WL 172516, at *3 (C.D. Cal. Jan 14, 2014) (holding that objections to evidence not relied upon by the court on summary judgment are moot and should be denied).

Even its legal conclusion claims lack any support. "Although an expert may not provide testimony on an ultimate legal issue, he may testify as to findings that support the ultimate issue." *Darensburg v. Metro. Transp. Comm'n*, 2008 WL 4277656, at *2 (N.D. Cal. Sept. 15, 2008) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-17 (9th Cir. 2004)). "Further, an expert may refer to the law in expressing an opinion without crossing the line into a legal conclusion." *Darensberg*, 2008 WL 4277656, at *2; *see also Ward v. 84 Lumber Co.*, 2013 WL 12415465, at *5 (C.D. Cal. Mar. 11, 2003) (rejecting objection to testimony that equipment met certain Navy specifications). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[2] Permitting this testimony is within the Court's discretion – even AMTAX's sole case on this point, *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037 (9th Cir. 2012), affirms that "the trial court has broad discretion to admit or exclude [expert testimony.]" *Id.* at 1053. And in a situation such as this where no jury is present, the risk of any prejudice resulting from allowing this evidence is greatly reduced. *Flores v. Arizona*, 516 F.3d 1140, 1166 (9th Cir. 2008) (*rev'd on other grounds by Horne v. Flores*, 557 U.S. 433 (2009)); *Darensberg*, 2008

---

[2] And even if it did, it would only be appropriate to strike at most the single cited statement that JAE actually relies upon.

2

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

1  WL 4277656, at *2. This Objection should be overruled.

2  █████████████████████████████████████████████████████████

3  █████████████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████

5  █████████████████████████████████████████████████████████

6  █████████████████████████████████████████████████████████

7  █████████████████████████████████████████████████████████

8  █████████████████████████████████████████████████████████

9  █████████████████████████████████████████████████████████

10 ████████████████████ (Berry Opp. Decl., Ex. N.) ██████████

11 █████████████████████████████████████████████████████████

12 ████████████████████████████████████████████ (*Id*.) █████

13 █████████████████████████████████████████████████████████

14 █████████████████████████████████████████████████████████

15 █████████████████████████████████████████████████████████

16 █████████████████████████████████████████████████████████

17 ██████ (*Id*.) ██████████████████████████████████████████

18 ████████████████████████████ (*Id*.) ████████████████████

19 ████████████████████████████ (Declaration of Robert P. Berry in Support of

20 JAE Properties, Inc.'s Response to AMTAX Holdings 2001-XX, LLC's Objections to

21 Evidence Submitted by Plaintiff and Counter-Defendant JAE Properties, Inc. and

22 Responses to Objections attached hereto ("Berry Resp. Decl."), Ex. A, 31:2 – 36:1) and

23 ████████████████████████████ (*id*. at 314:7-23). She also testified ████████

24 █████████████████████████████████████████████████████████

25 (*id*. at 203:19 – 205:2). ███████████████████████████████

3

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S
OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Berry Opp. Decl., Ex. C, Section 7.4.I.)

This experience more than qualifies him to render these opinions. "'No specific credentials are mentioned'" in Federal Rule of Evidence 702, and "'an expert need not have official credentials in the relevant subject matter to meet Rule 702's requirements.'" *Knight v. Deere & Co.*, 2010 WL 1948311, at *7 (E.D. Cal. May 11, 2010) (quoting *United States v. Smith*, 520 F.3d 1097, 1105 (9th Cir. 2008)). Instead, Rule 702 "contemplates *a broad conception* of expert qualifications [and] only a *minimal foundation* of knowledge, skill, and experience is required. A lack of particularized expertise goes to the weight of the testimony, not its admissibility." *Knight*, 2010 WL 1948311, at *7 (quotation omitted). Experience alone can qualify an expert. *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1081 (C.D. Cal. 2015). Wholesale exclusion, which is the only thing AMTAX argues for, is "'the exception rather than the rule.'" *Tawfilis v. Allergan, Inc.*, 2017 WL 3084275, at *3 (C.D. Cal. June 26, 2017) (quoting Rule 702 advisory committee note to 2000 amendment); *accord Abarca v. Franklin Cnty. Water Dist.*, 761 F. Supp. 2d 1007, 1039 (E.D. Cal. 2011). At most, AMTAX's objection that Mr. Callison lacks a specific credential goes to the *weight* of his testimony, and this Court is not allowed to weigh evidence on summary judgment. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017).

Consequently, the objections to two references in Mr. Callison's Report and his testimony (which AMTAX did not even address) should be rejected.

**2.** AMTAX's second Objection mirrors the first but directed at the expert reports of Brent S. Solomon (Declaration of Robert P. Berry in Support of JAE Properties, Inc.'s Motion for Summary Judgment ("Berry MSJ Decl."), Ex. QQ and Berry Opp. Decl., Ex. H) and is similarly a baseless attempt to exclude testimony that AMTAX disagrees with.

4

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

Once again, AMTAX's objection to purported legal conclusions only cites one specific statement, so this Court should deny this objection as to the rest of the material as unsupported and without foundation. *Fleming v. Coverstone*, 2011 WL 902117, at *2 (S.D. Cal. Mar. 14, 2011) (denying objection where it failed to identify specific evidence); *Mansfield v. United States*, 2020 WL 4274704, at *1 (D. Idaho July 24, 2020) (party seeking to exclude evidence did not "identify any specific evidence or 'speculative arguments' that they seek to exclude. Without that specificity, any exclusion order would be unfairly vague."). And much like the statements of Mr. Callison, Mr. Solomon comes short of impermissible legal conclusions. *Darensberg*, 2008 WL 4277656, at *2; *see also Ward v. 84 Lumber Co.*, 2013 WL 12415465, at *5 (C.D. Cal. Mar. 11, 2003).

████████████████████████████████████████
████████████████████████████████████████
███████████████████
    ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████ (Berry MSJ Decl., Ex. QQ p. 1.) ████████████████████████████
████████████████████████████ (*Id.*) ████████████████
████████████████████████████████ (*Id.*) ████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ (*Id.*) ████████████████
████████████████████████ (*Id.*) ████████████████████

5

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

1  ███████████████████████████████████████████████████████████████████
2  ████████████████████████████████████████ (*Id.*) ██████████████████
3  ███████████████████████████████████████████████████████████████████
4  █████████████████████████████████████ (*Id.*) ████████████████████
5  ███████████████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████ (*Id.*) ███████████████
8  █████████████████████████████████████████████████████████████████
9  ██████████████████████████████████████████ (*Id.*) ███████████████
10 ███████████████████████████████████████████████████████████████████
11 █████████████████████████████████████████████████ (*Id.*) ████████
12 ███████████████████████████████████████████████████████████████████
13 ███████████████████ (*Id.*) Not only are his credentials impressive, ████
14 ████████████████████████████████████████████████████ (Berry Resp. Decl.,
15 Ex. A, 31:2 – 36:1; 203:19 – 205:2; 314:7-23). ████████████████████
16 ███████████████████████ (Berry Opp. Decl., Ex. C, Section 7.4.I.)

   Again, Mr. Solomon's experience easily clears the bar here. Rule 702 does not ████████████████████████████████████████ *United States v. Smith*, 520 F.3d 1097, 1105 (9th Cir. 2008); *Knight v. Deere & Co.*, 2010 WL 1948311, at *7 (E.D. Cal. May 11, 2010). And experience alone can qualify an expert. *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1081 (C.D. Cal. 2015). Wholesale exclusion is rarely justified (*Tawfilis v. Allergan, Inc.*, 2017 WL 3084275, at *3 (C.D. Cal. June 26, 2017)), and Mr. Johnson's wealth of expertise and experience lay a strong foundation for his opinions (*Knight*, 2010 WL 1948311, at *7). Again, at most, the lack of a specific credential would go to the weight of his reports (*id.*), and the Court cannot weigh evidence on summary judgment (*Tolan v. Cotton*, 572 U.S. 650, 657 (2014);

6

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

*Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017)).

Consequently, AMTAX failed to support its objection to Mr. Solomon's report.

**3.** AMTAX's third Objection argues that exhibits F, Q, S, T, FF, and GG of the Berry MSJ Decl. were not properly authenticated. Every one of these exhibits is a copy of a document produced in this litigation bearing Bates numbers (Berry MSJ Decl., ¶¶ 7, 18, 20, 21, 33, 34) and Mr. Berry can authenticate them as such. Further, even if this authentication were found insufficient, evidence that can be authenticated at trial can still be admitted on summary judgment. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). However, additional declarations are attached hereto as well. And exhibit GG to the Berry MSJ Decl. was produced by AMTAX, which acts as a judicial admission of authenticity that JAE can rely upon. *Malijack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996); *Menalco v. Buchan*, 2010 WL 428911, at *12 (D. Nev. Feb. 1, 2010).

### III.   AMTAX FAILS TO FIX ITS OWN EVIDENTIARY PROBLEMS

**JAE Objection 1:** Declaration of Christopher Blake in Support of Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC's Motion for Summary Judgment ("Blake Decl."), ¶ 3.

AMTAX's first Response[3] completely misses the point. JAE objected to certain evidence as improper *legal* conclusions, but AMTAX's only cited case deals with *factual* assertions. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). This objection should be sustained.

**JAE Objection 2:** Blake Decl., ¶ 8.

AMTAX's second Response is insufficient. JAE argued Mr. Blake lacked personal

---

[3] "Response" refers to AMTAX's Responses to JAE's Objections on pages 5-20 of Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC's Objections to Evidence Submitted by Plaintiff and Counter-Defendant JAE Properties, Inc. and Responses to Objections (ECF No. 97-3.)

7

1 knowledge ▓▓▓
2 ▓▓▓ ATMAX's Response, at most, argues ▓▓▓
3-9 ▓▓▓ And
10 AMTAX's argument that this evidence could be admissible at trial (relying on *Hughes v.*
11 *U.S.*, 953 F.2d 531, 543 (9th Cir. 1992)) does not help. Discovery is closed, ▓▓▓
12-13 ▓▓▓

14 **JAE Objection 3:** Blake Decl., ¶ 11 and Ex. 6.
15 AMTAX's third Response ignores the hearsay issue. JAE argued that Mr. Blake
16 could not testify ▓▓▓
17-22 ▓▓▓

23 **JAE Objection 4:** Blake Decl., ¶ 12.
24 AMTAX's fourth Response fails for the same reasons as its second: ▓▓▓
25-26 ▓▓▓

8

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S
OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

▇▇▇

▇▇▇

**JAE Objection 5:** Blake Decl., ¶ 13.

AMTAX's fifth Response fails for the same reasons as the second and fourth.

**JAE Objection 6:** Blake Decl., ¶ 14.

AMTAX's sixth Response does not make the evidence admissible. JAE argued that ▇▇▇ ▇▇▇ (e.g. JAE Properties, Inc.'s Memorandum in Opposition to AMTAX Holdings 2001-XX, LLC's Motion for Summary Judgment at pp. 10-11 and cited evidence) ▇▇▇ This best evidence should be accepted, and Mr. Blake's unfounded assertions are inadmissible and should be ignored.

**JAE Objection 7:** Blake Decl., Ex. 4.

AMTAX's seventh Response contradicts AMTAX's numerous assertions in the Responses and elsewhere that ▇▇▇

**JAE Objection 8:** Blake Decl., Ex. 6.

9

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

1   After trying to defend ████████████████████████████████
2   ████████████████████████████████████████████████████████
3   ████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████
5   ████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████████
9   ████████████████████████████████████████████████  JAE's
10  objections should be sustained.

11  **JAE Objections 9 and 10:** Blake Decl., Exs. 7 and 8.

12  Much like Response 7, AMTAX's ninth and tenth Responses admit (in
13  contradiction to its repeated factual assertions) that these communications ████
14  ████████████████████████████████████████████████████████
15  ██████████████████████████████████████████  As such, AMTAX has
16  failed to authenticate such documents.

17  **JAE Objection 11:** Declaration of Craig H. Bessenger in Support of Defendant
18  and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC's Motion for Summary
19  Judgment ("Bessenger Decl."), ¶ 25.

20  Response 11 confirms that JAE's objections should be sustained. AMTAX admits
21  that the declarant – AMTAX's trial attorney here – only has "knowledge" of the
22  purported fact by hearing it from someone else and fails to identify what was purportedly
23  heard. Therefore, it is inadmissible hearsay, and he lacks foundation, as he clearly cannot
24  speak for JAE. ████████████████████████████████████████
25  ████████████████████████████████████████████████████████
26  ████████████████████████████████████████████████████████

10

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

1   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (JAE Properties, Inc.'s
2   Memorandum in Opposition to AMTAX Holdings 2001-XX, LLC's Motion for
3   Summary Judgment at p. 6 and cited evidence). Additionally, AMTAX does not even
4   attempt to oppose JAE's objection that the statement about what the LPA "mandates" is
5   an improper legal conclusion. JAE's objections should be sustained.

6   **JAE Objection 12 through 15:** Bessenger Decl., Exs. K, M. O, P.

7   Responses 12 through 15 merely state AMTAX's disagreement with JAE's
8   assertion that the cited deposition testimony does not properly authenticate the documents
9   at issue. But AMTAX cites no specific law or testimony in support. ▓▓▓▓▓▓
10  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Doyle depo. 149:16 – 150:6; 172:2-21; 212:11-19;
12  Hartman depo. 206:1-25) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓▓▓▓▓▓ (Doyle depo. 150:7-25; 207:1-19; 211:4 – 212:10; 212:20 - 25), ▓▓▓
14  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ None of the cited testimony states that the witness had
15  knowledge of a document and affirmed what it was. Fed. R. Evid. 901(b)(1).

16  **JAE Objection 16:** Bessenger Decl., Ex. R.

17  Response 16 also feebly attempts to defend AMTAX's authentication without
18  citing to any law or testimony. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Johnson depo 264:14 – 265:22), which was
21  improperly isolated from its transmittal email as Exhibit R to the Bessenger Declaration.
22  This Response also attempts to avoid a hearsay exclusion by arguing AMTAX is pointing
23  to JAE's "state of mind." However, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11

**JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S
OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL**

1 ██████████████████████████████████████████████████████████
2 ████████████████████████
3    **JAE Objection 17:** Bessenger Decl., Ex. W.
4    Response 17 also misses the point. ███████████████████████████
5 ████████████████████████████████████████████████
6 ██████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████ (Berry MSJ
8 Decl., Ex. SS, 127:17-24.) █████████████████████████████████████
9 ██████████████████████████████████████ (Berry Opp. Decl., Ex. I, 135:2 –
10 139:5, 165:7 – 173:4.) ████████████████████████████████
11 █████████████████████████████████████████████ (*Id.* at 134:12 – 135:1.)
12 ████████████████████████████████████████████ (*Id.* at 135:2 –
13 139:5; 165:7 – 173:4.) ████████████████████████████████████
14 ██████████████████████████████████████████████████████████
15 █████████████████████████████████████████████████████████
16 ███████████████████████████████████████████████████████
17 █████████████████████████████████
18    **JAE Objections 18 and 19:** Bessenger Decl. Ex. B, Deposition of Edmund
19 Johnson, 55:9-56:4; 265:14-22.
20    AMTAX's last two Responses fail to address the crux of JAE's objection. ██
21 ██████████████████████████████████████████████████████████
22 ██████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████████
24

---

[4] JAE reserves the rights to object to further aspects of Ms. Bach's report and testimony,
██████████████████████████████████████████████████████████
█████████████████████████

12

JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S
OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL

███████ (Berry MSJ Decl., Ex. HH, 249:4 – 250:25.)

## VI. CONCLUSION

As discussed herein, AMTAX's Objections are unsustainable and should be denied in full. And its Responses' attempts to rehabilitate AMTAX's numerous evidentiary problems fail, such that JAE's objections should be sustained.

DATED: November 4, 2020

ROBERT P. BERRY
CAROL M. SILBERBERG
BERRY SILBERBERG STOKES PC

By: /s/ Robert P. Berry

ROBERT P. BERRY
Attorneys for Plaintiff and Counter-Defendant JAE Properties, Inc.

13

JAE PROPERTIES, INC.'S RESPONSE TO DEFENDANT AMTAX HOLDINGS 2001-XX, LLC'S
OBJECTIONS TO EVIDENCE SUBMITTED BY JAE AND REPONSES TO OBJECTIONS
CASE NO. 3:19-CV-2075-JAH-LL