1  KING & SPALDING LLP
ERIC S. PETTIT, STATE BAR NO. 234657
2  CRAIG H. BESSENGER, STATE BAR NO. 245787
633 West Fifth Street, Suite 1600
3  Los Angeles, CA 90071
Telephone:   (213) 443-4355
4  Facsimile:   (213) 443-4310
Email: epettit@kslaw.com
5  Email: cbessenger@kslaw.com

6
7  Attorneys for Defendant and Counter-Plaintiff
AMTAX Holdings 2001-XX, LLC

8           UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10

11
12  JAE PROPERTIES, INC.,                    Case No. 19cv2075-JAH-LL

13                         Plaintiff,        The Honorable John A. Houston

14  v.                                       **[REDACTED] DEFENDANT AND
COUNTER-PLAINTIFF AMTAX
15  AMTAX HOLDINGS 2001-XX, LLC,             HOLDINGS 2001-XX, LLC'S
OBJECTIONS TO EVIDENCE
16                         Defendant.        SUBMITTED BY PLAINTIFF AND
COUNTER-DEFENDANT JAE
17                                           PROPERTIES, INC. AND
RESPONSES TO OBJECTIONS**
18  AMTAX HOLDINGS 2001-XX, LLC
and VICTORIA HEIGHTS LTD.,
19
Counter-Plaintiffs,                      **Judge:      Hon. John Houston
20                                           Date:       November 4, 2020
v.                                       Time:       10:30 a.m.
21                                           Crtrm.:     13B**
JAE PROPERTIES, INC.,
22                                           Trial Date:  None set
Counter-Claim Defendant.
23

24

25

26

27

28

1  **I.   INTRODUCTION**

2      Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC ("AMTAX")

3  submits the following response to Plaintiff and Counter-Defendant JAE Properties,

4  Inc.'s ("JAE") Objections to Evidence Filed in Support of AMTAX's Opposition to

5  Motion for Summary Judgment (ECF No. 100-7) that JAE filed in conjunction with its

6  Reply, and to portions of JAE's Response to Defendant AMTAX Holdings 2001-XX

7  LLC's Objections to Evidence Submitted by JAE and Responses to Objections (ECF

8  No. 108), which JAE filed on November 4, 2020 after the Court took this matter under

9  submission on October 29, 2020.

10 **II.   AMTAX'S EVIDENTIARY OBJECTIONS SHOULD BE SUSTAINED**

11     **AMTAX Objection 1:** Declaration of Robert P. Berry in Support of JAE

12 Properties, Inc.'s Opposition to AMTAX Holdings 2001-XX, LLC's Motion for

13 Summary Judgment ("Berry Decl. ISO Opp."), Ex. N ("Expert Report of J. William

14 Callison); Ex. O ("Rebuttal Expert Report of J. William Callison"); Ex. U (excerpts of

15 Callison deposition).

16     In JAE's Response[1] to AMTAX's objection to the reports and testimony of

17 JAE's paid witness J. William Callison, JAE argues that Callison's opinions should not

18 be excluded because: (1) AMTAX cited only two specific examples of the numerous

19 impermissible legal conclusions in Callison's reports; (2) Callison purportedly did not

20 opine on any "ultimate legal issue"; and (3) Callison is qualified to provide testimony

21 concerning the valuation of AMTAX's interest in the Partnership, despite not being an

22 MAI-certified appraiser, and having no appraisal or valuation experience of any kind.

23     As AMTAX stated in its Objections to JAE's Evidence (ECF No. 97-3), it will

24 be filing a formal motion to exclude Callison's reports and testimony at the appropriate

25 time, and its evidentiary objection was not (and not intended to be) such a motion.  JAE

26 faults AMTAX for only citing two examples of impermissible legal conclusions from

27 ─────────────

28 [1] Each "JAE Response" refers to JAE's responses to AMTAX's Objections on pages 1-
7 of ECF No. 108.

1    Callison's reports, but AMTAX was lodging an objection to JAE's proffered evidence

2    on summary judgment and was explicitly not cataloguing the numerous flaws in

3    Callison's opinions.

4            JAE's case authority is entirely inapposite on this point and does not even

5    suggest that an objection at summary judgment to a paid expert's proffered reports must

6    explicitly mention every aspect of the reports that is inadmissible.  In *Fleming v.*

7    *Coverstone*, for example, the trial court denied without prejudice a motion in limine

8    seeking an "order instructing all counsel and witnesses that no person is to mention,

9    testify, interrogate, or attempt to convey or suggest to the jury, directly or indirectly,

10   that Defendant published or had published statements critical of Plaintiff . . . ."  No. 08-

11   CV-355-WQH, 2011 WL 902117, at *2 (S.D. Cal. Mar. 14, 2011).  The court

12   concluded that granting the motion in limine might inadvertently exclude relevant

13   evidence related to one of the defendant's affirmative defenses, and denied the motion

14   subject to renewal as to specific evidence presented at trial.  *Id.*  JAE's only other

15   authority on this point is equally off base.  In *Mansfield v. United States*, the court

16   denied a motion in limine as impermissibly vague (subject to renewal at trial) that

17   sought to prohibit the introduction of "evidence . . . or speculative arguments" as to the

18   value of a family dog that was accidentally killed, without identifying *any* such

19   evidence or arguments.  *Mansfield v. United States*, No. 4:18-CV-278-BLW, 2020 WL

20   4274704, at *1 (D. Idaho July 24, 2020).  Here, contrary to *Fleming* and *Mansfield*,

21   AMTAX's objection is quite limited and clear – it is seeking to exclude Callison's

22   opinions as stated in his reports and testimony to the extent that JAE purports to rely on

23   those opinions in opposing AMTAX's motion for summary judgment.

24           Moreover, Callison's "expert" opinions and testimony have been repeatedly

25   criticized and excluded by trial courts.  In *United States v. Wilhite*, for example, the

26   federal district judge "reject[ed]" Callison's opinion on a key issue after a hearing,

27   concluding that Callison's findings were "unreliable and unsupported."  *United States*

28   *v. Wilhite*, No. 00-CR-00504-CMA, 2017 WL 4572321, at *5 (D. Colo. Oct. 13, 2017),

1  *affirmed on appeal*, 774 Fed. Appx. 478 (2019).  The *Wilhite* court further stated, "it

2  appears to this Court that many of Mr. Callison's determinations were based on blind

3  belief in whatever the Wilhites told him . . . ."  *Id.*  And in another federal decision,

4  *Kirzhner v. Silverstein*, the court granted a motion in limine to exclude Callison's "four

5  principal opinions" at trial because they "improperly usurp the function of the trial

6  judge and the jury."  No. 09-CV-02858-RBJ-BNB, 2012 WL 385458, at *4 (D. Colo.

7  Feb. 7, 2012).  In reaching its conclusion, the *Kirzhner* court noted, "'an expert witness

8  cannot state legal conclusions by applying law to the facts, passing upon weight or

9  credibility of the evidence, or usurping the province of the jury by telling it what result

10  should be reached.'"  *Id.* at * 3. (quoting *United States v. Jensen,* 608 F.2d 1349, 1356

11  (10th Cir. 1979)).

12         Here, as in *Kirzhner*, even a cursory review of Callison's reports demonstrate

13  that he repeatedly states legal conclusions by applying law to the facts, opines on the

14  credibility of evidence, and explicitly tells the finder of fact what result should be

15  reached.  In addition, Callison's opinions on the question of the proper valuation of

16  AMTAX's interest in the Partnership—including whether discounts should be

17  applied—are unreliable and unsupported because Callison is not an MAI-certified

18  appraiser (or any manner of appraiser or valuation expert).  JAE essentially recites

19  Callison's curriculum vitae and refers to Federal Rule of Evidence 702, but entirely

20  misses the point.  The valuation of AMTAX's interest in the Partnership is governed by

21  the Partnership Agreement, which clearly states in Section 7.4.I that an MAI-certified

22  appraiser is required to determine its value.

23         AMTAX's objection to Callison's reports and testimony should be sustained, and

24  they should not be considered in connection with the pending motions for summary

25  judgment.

26         **AMTAX Objection 2:** Declaration of Robert P. Berry in Support of JAE

27  Properties, Inc.'s Motion for Summary Judgment ("Berry Decl. ISO MSJ"), Ex. QQ

28

1  ("Expert Opinions and Analysis of Brent S. Solomon"); Berry Decl. ISO Opp., Ex. H
2  ("Rebuttal Expert Opinions and Analysis of Brent S. Solomon").

3       JAE's Response makes the same arguments in opposition to AMTAX's objection
4  to the reports of its paid witness Brent Solomon that are discussed above in connection
5  with Callison.  For the same reasons, AMTAX's objection should be sustained.
6  AMTAX was not required to identify every flaw in Solomon's reports, and Solomon's
7  opinions regarding the valuation of AMTAX's interest in the Partnership are unreliable
8  and unsupported in this case because Solomon is not an MAI-certified appraiser as
9  required by the Partnership Agreement.

10       **AMTAX Objection 3:** Berry Decl. ISO MSJ, ¶ 7, Ex. F; ¶ 18, Ex. Q; ¶ 20, Ex.
11  S; ¶ 21, Ex. T; ¶ 33, Ex. FF; ¶ 34, Ex. GG.

12       JAE fails to address AMTAX's authority holding that an attorney's affidavit,
13  such as the one submitted by JAE here, stating that an exhibit is a "true and correct"
14  copy does not properly authenticate the document.  *Orr v. Bank of Am., NT & SA*, 285
15  F.3d 764, 773-74 (9th Cir. 2002) ("The statement in Mirch's affidavit that Exhibit Y is
16  a 'true and correct copy' does not provide authentication because Mirch lacks personal
17  knowledge . . . .").  Instead, JAE belatedly submits additional witness affidavits and
18  evidence after the Court has already taken this matter under submission, thereby
19  admitting its failure to authenticate the exhibits at issue.  These exhibits should be
20  excluded.

21  **III.   JAE FAILS TO PROVIDE ANY VALID BASES FOR EXCLUSION OF**
22  **AMTAX'S EVIDENCE IN SUPPORT OF AMTAX'S OPPOSITION**

23       **JAE Objection[2] 1:** Declaration of Christopher Blake in Support of Opposition of
24  Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC to Motion for
25  Summary Judgment of Plaintiff and Counter-Defendant JAE Properties, Inc. ("Blake
26  Decl."), ¶ 6 (" ████████████████████████████████████████

27  _____
28  [2] Each numbered "JAE Objection" herein refers to JAE's evidentiary objections in ECF
No. 100-7.

1 ██████████████████████████████████████████████████████

2 ████████████████████████████████████████████████").

3       The adequate foundation for Blake's statement is set forth in his declaration.

4 JAE's contention, both prior to and during this litigation, is that Blake purportedly

5 solicited the MRK and Levy LOIs—JAE has never alleged that any other person might

6 have solicited the offers (nor is there any evidence that Blake or any other person

7 actually solicited the offers).  The truth or falsity of JAE's accusation accordingly is

8 within Blake's personal knowledge.  Moreover, JAE admits that Blake has personal

9 knowledge that the Partnership received the MRK letter.  (*See* JAE Motion, ECF No.

10 83-1 at 6 ("████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████

12 █████████████████████████████████████████████").)  Blake's

13 declaration does *not* state that █████████████████████████████

14 ████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████

16 ████████████████████████████.

17       Further, the best evidence rule does not apply to exclude evidence on summary

18 judgment where the underlying facts would be admissible at trial, and although

19 evidence from MRK is not required for any of Blake's statements to be admissible,

20 AMTAX disclosed MRK as a witness in its initial disclosures and can subpoena MRK

21 to testify at trial.  *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992)

22 ("[T]he Hugheses argue that Kell's declaration was inadmissible hearsay and that the

23 declaration violated the best evidence rule.  These assertions, even if true, do not

24 preclude the district court from granting summary judgment in favor of the government.

25 . . .  While the facts underlying the affidavit must be of a type that would be admissible

26 as evidence, Fed.R.Civ.P. 56(e), the affidavit itself does not have to be in a form that

27 would be admissible at trial.")

28       For these reasons, JAE Objection 1 should be overruled.

1    **JAE Objection 2:** Blake Decl., ¶ 7 (" ████████████████████
2    ████████████████████████████████████████████████
3    ████████████████████████████████████████████
4    ███████████████████ ").

5    The adequate foundation for Blake's declaration is set forth in his declaration,
6    and JAE Objection 2 should be overruled for the same reasons AMTAX articulates
7    above in response to JAE Objection 1.

8    **JAE Objection 3:** Blake Decl., ¶ 8 (" ████████████████████
9    ████████████████████████████████████████
10   ███████ ").

11   JAE Objection 3 should be overruled for the same reasons AMTAX articulates
12   above in response to JAE Objections 1 and 2.  Moreover, JAE admits that ████████
13   ████████████████████████████████████████████████
14   (*See* JAE Motion, ECF No. 83-1 at 7-8, 16 (" ████████████████████████
15   ████████████████████████████████████████ ").)

16   **JAE Objection 4:** Blake Decl., ¶ 10 (" ██████████████████
17   ████████████████████████████████████████
18   ████████████████████████████████████████████████
19   █ ").

20   Blake communicated directly with Arthur, and has personal knowledge of these
21   facts.  Moreover, JAE admits in its Complaint and in subsequent filings that it did not
22   ████████████████████████████████████████████
23   ███████████████████ .  *See* JAE Complaint, ECF No. 1, ¶ 21 (" ██████████
24   ████████████████████████████████████████████
25   ████████████████████████████████████████ "); *Am. Title Ins.*
26   *Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in
27   pleadings . . . are considered judicial admissions conclusively binding on the party who
28   made them."); see JAE Complaint.

**JAE Objection 5:** Blake Decl., Ex. 2.

Blake can authenticate the relevant document, the first Levy LOI, because he personally received the document.  Moreover, as JAE acknowledges, evidence that can be authenticated at trial may be admitted on summary judgment. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003).

**JAE Objection 6:** Blake Decl., Ex. 3.

JAE Objection 6 should be overruled for the same reasons AMTAX articulates above in response to JAE Objection 5.  Moreover, JAE admits that AMTAX forwarded the document to JAE. (*See* JAE Motion, ECF No. 83-1 at 7-8, 16 ("███████

████████████████████████████████████████

█████")), and this same Levy LOI was also sent directly from Levy's broker to Johnson at JAE.  (*See* Bessenger Decl., Ex. 10.)

**JAE Objection 7:** Declaration of Craig H. Bessenger in Support of Opposition of Defendant and Counter-Plaintiff AMTAX Holdings 2001-XX, LLC to Motion for Summary Judgment of Plaintiff and Counter-Defendant JAE Properties, Inc. ("Bessenger Decl."), Ex. 1 (265:23-266:4, 267:1-269:8).

This exhibit is comprised of excerpts of deposition testimony from JAE's principal, Edmund Johnson.  JAE does not identify in its Objection what the singular "cited fact" is for which it claims no foundation was established in Johnson's deposition testimony.  Regardless, Johnson testified on behalf of JAE, and not as a valuation expert.  A sufficient foundation was established for Johnson to testify on behalf of JAE.  Further, and contrary to JAE's assertion that "[o]bjections were lodged during the depositions [*sic*]," during Johnson's deposition JAE did not lodge any objections to the question posed at 265:23-25 and answered at 266:1-4 or the question posed at 267:1 and answered at 267:5.

**JAE Objection 8:** Bessenger Decl., Ex. 2 (101:3 - 102:7).

This exhibit is comprised of excerpts of deposition testimony from Christopher Blake.  Blake's statements at his deposition, in response to questions from JAE's

1   counsel regarding Blake's conversations with MRK and Levy's broker, are admissible

2   at summary judgment notwithstanding JAE's hearsay objection because the statements

3   could be presented in a form that would be admissible at trial (including through direct

4   testimony by Levy and MRK, both of whom were disclosed as witnesses and can be

5   subpoenaed to testify at trial). *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir.

6   1992) (affidavit may be considered on summary judgment despite hearsay and best

7   evidence rule objections); *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 465

8   n.12 (3d Cir.1989) ("[H]earsay evidence produced in an affidavit opposing summary

9   judgment may be considered if the out-of-court declarant could later present that

10  evidence through direct testimony, i.e. in a form that would be admissible at trial.")

11  (internal quotation marks omitted); *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th

12  Cir. 2003).

13     **JAE Objection 9:** Bessenger Decl., Ex. 3 (100:1-16).

14         This exhibit is comprised of excerpts of deposition testimony from Roger

15  Hartman.  Hartman is both JAE and the Partnership's longtime attorney, and AMTAX

16  established adequate foundation at Hartman's deposition to elicit his testimony

17  concerning the value of the Apartment Complex, which AMTAX offers at summary

18  judgment to rebut JAE's contention that the Partnership and AMTAX have suffered no

19  damages from JAE's malfeasance.  Further, AMTAX did not "misrepresent" Hartman's

20  testimony, as JAE claims.  In fact, it is JAE that misquotes Hartman in its Objection 9

21  as testifying that Hartman had "██████████████████"  As reflected in Ex. 3,

22  Hartman actually testified that he "████████████████████████████████

23  ████████████████████████"

24     **JAE Objection 10:** Bessenger Decl., Ex. 5.

25         This document is an email from Levy's broker directly to JAE's principal,

26  Johnson, that attaches the second Levy LOI, provides details substantiating the Levy

27  LOI, and informs Johnson that neither AMTAX nor Alden Torch solicited the Levy

28  LOI.  JAE does not explain the basis for its claim that this document was not

1   authenticated.  Contrary to JAE's assertion, Johnson authenticated the document at his

2   deposition, as indicated in the Bessenger Declaration.  Moreover, JAE produced the

3   document in this litigation (as indicated by the Bates number prefix "JAE"), which acts

4   as a judicial admission of authenticity.  *Malijack Prods., Inc. v. GoodTimes Home*

5   *Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996); *Menalco v. Buchan*, No. 207-cv-

6   01178-PMP-PAL, 2010 WL 428911, at *12 (D. Nev. Feb. 1, 2010).

7          JAE's hearsay objection to the assertion that ███████████████████

8   ███████ should also be overruled because the statement could be presented in a form

9   that would be admissible at trial (including through direct testimony by Levy, who was

10  disclosed as a witness and can be subpoenaed to testify at trial).  *Hughes v. United*

11  *States*, 953 F.2d 531, 543 (9th Cir. 1992) (affidavit may be considered on summary

12  judgment despite hearsay and best evidence rule objections); *Williams v. Borough of W.*

13  *Chester, Pa.*, 891 F.2d 458, 465 n.12 (3d Cir.1989) ("[H]earsay evidence produced in

14  an affidavit opposing summary judgment may be considered if the out-of-court

15  declarant could later present that evidence through direct testimony, i.e. in a form that

16  would be admissible at trial.") (internal quotation marks omitted); *Fraser v. Goodale*,

17  342 F.3d 1032, 1036-37 (9th Cir. 2003).

18         **JAE Objection 11:** Bessenger Decl., Ex. 9.

19         This document reflects notes that Johnson took contemporaneously with his

20  conversation with Novogradac partner Jon Adkins, who is the Partnership's longtime

21  auditor and accountant, concerning the valuation of AMTAX's interest in the

22  Partnership.  As reflected in Johnson's notes, ████████████████████████

23  ████████████████████████.  Johnson's conversation with Adkins took place in

24  May 2018, which was months before AMTAX sought to engage Novogradac to provide

25  an appraisal of AMTAX's interest.  Johnson never disclosed his conversations with

26  Adkins (or other Novogradac partners with whom Johnson spoke) to AMTAX, even

27  after AMTAX informed JAE that it wished to engage Novogradac to provide an

28

1   appraisal.  JAE further failed to produce Johnson's notes despite the fact that they were

2   clearly responsive to AMTAX's requests for production.

3        JAE objects that Johnson's notes reflect hearsay statements by Adkins.  The

4   notes themselves are plainly admissible—including on non-hearsay grounds as

5   admissions of a party opponent and under numerous hearsay exceptions (e.g. as a

6   business record).  JAE's hearsay objection also fails because Adkins' statement could

7   be presented in a form that would be admissible at trial (including through direct

8   testimony by Adkins, who can be subpoenaed to testify at trial).  *Hughes v. United*

9   *States*, 953 F.2d 531, 543 (9th Cir. 1992) (affidavit may be considered on summary

10  judgment despite hearsay and best evidence rule objections); *Williams v. Borough of W.*

11  *Chester, Pa.*, 891 F.2d 458, 465 n.12 (3d Cir.1989) (hearsay evidence may be

12  considered at summary judgment if it could later be presented in a form that would be

13  admissible at trial, such as direct testimony); *Fraser v. Goodale*, 342 F.3d 1032, 1036-

14  37 (9th Cir. 2003).

15       Adkins' statements are also admissible on a non-hearsay basis, i.e., not for the

16  truth Adkins' statement that he ███████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████████████████

19  █████████████████████████████.

20       JAE's objection that there is "no foundation for statements of Mr. Adkins

21  regarding the value of the property" should be overruled.  These notes reflect ████████

22  ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████

24  ██████████████████████████████████████.  Moreover, Adkins is the

25  Partnership's longtime auditor and accountant, and certainly has a basis to make the

26  statements to Johnson (indeed, Johnson himself apparently believed as much, because

27  he affirmatively asked Adkins for this information).  To the extent there is any issue

28

1    with foundation for Adkins' statements, particularly given that AMTAX had no control

2    over Johnson's questions, it can be cured at trial.

3         **JAE Objection 12:** Bessenger Decl., Ex. 11.

4         This document is an email chain between JAE's attorney, Hartman, and JAE's

5    appraiser, Doyle, in which Doyle states that ███████████████████████

6    ████████████████████████████████████████████████

7    ████████████████████████████   JAE does not explain the basis for its objection

8    that this document was not authenticated.  Contrary to JAE's assertion, this document

9    was authenticated through deposition testimony, as indicated in the Bessenger

10   Declaration.  Moreover, JAE produced the document in this litigation (as indicated by

11   the Bates number prefix "JAE"), which acts as a judicial admission of authenticity.

12   *Malijack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir.

13   1996); *Menalco v. Buchan*, No. 207-cv-01178-PMP-PAL, 2010 WL 428911, at *12 (D.

14   Nev. Feb. 1, 2010).

15        **JAE Objection 13:** Bessenger Decl., Ex. 13.

16        This document reflects the ████████████████████████████

17   ████████████████████████████████████.  JAE objects that this

18   document was not properly authenticated because "it was not drafted by Mr. Johnson."

19   Contrary to JAE's assertion, this document was authenticated by Johnson at his

20   deposition, as indicated in the Bessenger Declaration.  Moreover, JAE produced the

21   document in this litigation (as indicated by the Bates number prefix "JAE-II"), which

22   acts as a judicial admission of authenticity.  *Malijack Prods., Inc. v. GoodTimes Home

23   Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996); *Menalco v. Buchan*, No. 207-cv-

24   01178-PMP-PAL, 2010 WL 428911, at *12 (D. Nev. Feb. 1, 2010).

25        JAE's hearsay objection also fails because the information in this document

26   could be presented in a form that would be admissible at trial.  *Hughes v. United States*,

27   953 F.2d 531, 543 (9th Cir. 1992) (affidavit may be considered on summary judgment

28   despite hearsay and best evidence rule objections); *Williams v. Borough of W. Chester,*

1  *Pa.*, 891 F.2d 458, 465 n.12 (3d Cir.1989) (hearsay evidence may be considered at

2  summary judgment if it could later be presented in a form that would be admissible at

3  trial, such as direct testimony); *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir.

4  2003).

5  **V.  CONCLUSION**

6  AMTAX respectfully requests that the Court sustain its evidentiary objections

7  and overrule JAE's objections to AMTAX's evidence.

8

9  DATED: November 13, 2020      KING & SPALDING LLP
       ERIC S. PETTIT
10      CRAIG H. BESSENGER

11                  By: /s/ *Eric S. Pettit*
       ERIC S. PETTIT
12      Attorneys for Defendant and Counter-
       Plaintiff AMTAX Holdings 2001-XX, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28