UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PROPERTIES, INC.,<br><br>                      Plaintiff,<br>v.<br><br>AMTAX HOLDINGS 2001-XX, LLC,<br><br>                      Defendant.<br><br>AMTAX HOLDINGS 2001-XX, LLC and VICTORIA HEIGHTS LTD.,<br><br>                      Counter-Plaintiffs,<br>v.<br><br>JAE PROPERTIES, INC.,<br><br>                      Counter-Defendant. | Case No.: 3:19-cv-02075-JAH-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR DECLARATORY JUDGMENT [ECF No. 23];**<br><br>**(2) DENYING MOTION TO FILE DOCUMENTS UNDER SEAL [ECF No. 106];**<br><br>**(3) DENYING MOTION TO FILE DOCUMENTS UNDER SEAL [ECF No. 109].** |

      Presently before the Court is Plaintiff/Counter-Defendant JAE Properties, Inc.'s ("JAE") Motion to File Documents Under Seal, (ECF No. 106), and Defendant/Counter-Plaintiff Amtax Holdings 2001-XX, LLC's ("Amtax") Motion to File Documents Under Seal, (ECF No. 109).

JAE requests to file under seal "designated portions of JAE's Response to Defendant AMTAX Holdings 2001-XX, LLC's Objections to Evidence Submitted By Plaintiff and Counter-Defendant JAE Properties, Inc. and Responses to Objections ("JAE's Response"); the Declarations of Robert P. Berry, Edmund Johnson, and Roger Hartman submitted in connection therewith; and exhibits related thereto." (ECF No. 106 at 2).  JAE identifies the information contained within these documents as containing confidential information subject to a stipulated protective order.  (ECF No. 106).

Amtax requests to file under seal "designated portions of A[mtax]'s Objections to Evidence Submitted by Plaintiff and Counter-Defendant JAE Properties, Inc. and Responses to Objections[.]"  (ECF No. 109 at 2).  Amtax identifies the information contained within these documents as containing confidential information subject to a stipulated protective order.

The motions are erroneously premised on the assertion that sealing is appropriate where there is a protective order.  Protective orders by their nature are overinclusive, *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), and the strong presumption in favor of access must be weighed against articulate and compelling reasons supported by specific factual findings to justify sealing of judicial records.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The parties here fail to make a particularized showing of good cause why the above-mentioned documents should be sealed, aside from citing to the protective order. Accordingly, the motions to seal, [ECF Nos. 106, 109], are denied without prejudice.  The parties may file a properly supported motion to seal.

The Court further orders that JAE's Motion for Declaratory Judgment Pursuant to Federal Rule of Civil Procedure 57 is denied.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act."; *see also* Fed. R. Civ. P. 57 ("The court *may* order a speedy hearing of a declaratory judgment action.") (emphasis added).  As evidenced by the pending cross-motions for summary judgment, [ECF Nos. 80, 83],

this matter is not solely one of contract interpretation as it requires fact-finding by this Court to resolve, among other things, issues of fiduciary obligations and standing to bring derivative claims. *See T&T Enterpresis LLC v. Aztec Secret Health & Beauty Ltd.*, No. CV-18-08231-PCT-DWL, 2018 WL 6727266, at *6 (D. Ariz. Dec. 21, 2018) (denying Rule 57 motion for expedited hearing where dispute was not merely an issue of contract interpretation and instead required fact-finding that was "best addressed through the normal discovery process, not an expedited hearing").

**IT IS SO ORDERED.**

DATED: September 28, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE